IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA COLLECTION SERVICES, INC. OF SACRAMENTO, a Corporation, | No. Civ. S-06-01899 DFL DAD |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| CENTRAL SIERRA CONSTRUCTION, INC., a Nevada Corporation, | |
| Defendant. | |
| _____ ____ / | |
| CENTRAL SIERRA CONSTRUCTION, INC., a Nevada Corporation, on behalf of itself and all others similarly situated, | |
| Cross-Claimant/Defendant, | |
| v. | |
| PRO GROUP MANAGEMENT, INC., a Nevada Corporation; BUILDERS' ASSOCIATION OF WESTERN NEVADA, | |
| Cross-Defendant. | |
| _____/ | |

1

Third-party defendants Pro Group Management, Inc. ("Pro Group") and Builders' Association of Western Nevada ("BAWN") bring this motion to dismiss for lack of personal jurisdiction. For the reasons discussed below, the motion is DENIED.

## I. Facts and Procedural History

Defendant and third-party complainant Central Sierra Construction, Inc. ("Central Sierra") is a Nevada construction company that sometimes performs work in California.  BAWN is a non-profit trade association of Nevada construction companies. BAWN sponsors a worker's compensation insurance plan called BAWNSIG.  Third-party defendant Pro Group administers BAWNSIG.

On December 16, 2002, Central Sierra applied for worker's compensation insurance through BAWNSIG.  It received a certificate of insurance from Pro Group for the period of December 31, 2002 through January 1, 2004.  Debbie Bradbury, Central Sierra's office manager, avers that Pro Group told her the policy would cover Central Sierra employees who did temporary work in California.

During the insured period, Central Sierra employees performed work in California.  On March 4, 2004, the California State Compensation Insurance Fund ("CSCIF") wrote to Central Sierra questioning whether the company had maintained California worker's compensation coverage, as required by California law, in 2002 and 2003.  The letter states that CSCIF had contacted Pro Group, which was unable to provide proof of coverage.

On March 5, 2004, Robert Vogel, Pro Group's vice president of operations, wrote a letter to CSCIF stating that "Pro-Group

Management, as the plan administrator for [BAWNSIG], has insured Central Sierra Construction Inc., [sic] for all temporary work in the State of California for their Nevada hired/based employees." Unconvinced that Central Sierra's coverage through BAWNSIG satisfied California law, however, CSCIF demanded that Central Sierra pay approximately $280,000 in unpaid insurance premiums, plus interest.

On August 9, 2006, CSCIF's collection agency filed suit against Central Sierra in California Superior Court. On August 23, 2006, Central Sierra removed the case to this court on the basis of diversity. On September 5, 2006, Central Sierra filed a third-party complaint against BAWN and Pro Group, alleging breach of contract and misrepresentation, and seeking indemnification. BAWN and Pro Group responded with this motion to dismiss for lack of personal jurisdiction.

## II. Analysis

"A federal court has jurisdiction over a diversity case . . . only if a court of the state in which the federal court is sitting would have jurisdiction." Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc., 597 F.2d 596, 598 (9th Cir. 1979). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004). Exercising personal jurisdiction over a nonresident defendant violates due process unless that defendant has "minimum contacts" with the forum and the exercise of jurisdiction "does not offend traditional notions of fair play

3

and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Courts may find personal jurisdiction under the doctrines of general or specific jurisdiction. Central Sierra argues that specific jurisdiction exists over the cross-defendants. "'[S]pecific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." Bancroft & Masters, 223 F.3d at 1086.  The plaintiff carries the burden of establishing the first two factors.  Schwarzenegger, 374 F.3d at 802.  If the plaintiff succeeds, then the defendant has the burden of establishing unreasonableness.  Id.

Central Sierra argues that the court has specific jurisdiction over BAWN and Pro Group because they promised to provide insurance in California and this controversy arises from their alleged failure to fulfill that promise.  BAWN and Pro Group argue that the court lacks specific jurisdiction over them because they have no contacts whatsoever with California.  They assert that the BAWNSIG insurance was "for Nevada only." However, this claim is contradicted by Robert Vogel's March 5, 2004 letter to CSCIF, which states that the BAWNSIG insurance

covered Central Sierra employees doing temporary work in California.

Providing insurance coverage in a state constitutes purposeful availment if an insured event takes place in that state. Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990). Here, third-party defendants apparently promised to provide coverage in California. And although no accident befell any Central Sierra employee working in California during the period of coverage, an insured event did take place – namely, CSCIF's charge that Central Sierra failed to carry the required insurance.[1] Therefore, the purposeful availment requirement is met.

The second requirement for specific personal jurisdiction – that the action arise out of contacts with the forum – is also met. "An action arises out of contacts with the forum if, but for those contacts, the cause would not have arisen." Id. at 914 (citation and internal quotation marks omitted). But for third-party defendants' alleged promise to cover Central Sierra

---

[1] A major purpose of a worker's compensation insurance policy is, of course, to provide for injured employees. But another purpose is to satisfy laws requiring employers to carry such insurance. Accordingly, if an employer that has contracted for coverage within a forum is sued for failing to carry the required coverage, it has suffered an event that implicates the insurance policy every bit as much as if there had been a claim upon the policy by an employee.

employees working in California, this third-party action would have no basis.

Finally, to determine whether exercising jurisdiction over a nonresident defendant is reasonable, courts must balance seven factors: "1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum." Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991). A number of these factors strongly favor exercising jurisdiction. As already discussed, third-party defendants intentionally injected themselves into California's affairs by promising to cover Central Sierra employees working in California. In addition, Central Sierra's claims against BAWN and Pro Group are closely related to the dispute between CSCIF and Central Sierra already pending in this court. Therefore, both judicial efficiency and Central Sierra's interest in convenient and effective relief would be furthered by exercising jurisdiction. Finally, California has an interest in ensuring compliance with its laws by out-of-state insurers who purport to cover employees performing work in California.

Two of the factors are neutral.  The burden on third-party defendants of litigating in Sacramento is slight.  Indeed, according to its website, BAWN is headquartered in Carson City, Nevada, which is far closer to Sacramento than many cities and towns in this judicial district.  And third-party defendants have not demonstrated that exercising jurisdiction would undermine Nevada's interests.[2]

The only factor that weighs against exercising jurisdiction is the existence of an alternate forum in Nevada.  But, given the efficiencies gained by consolidating these related actions in one court, this factor is of little weight.

////

////

////

////

////

////

////

////

////

---

[2] Third-party defendants argue that Nevada has a strong interest in this litigation because Central Sierra brought its third-party complaint as a class action on behalf of all similarly situated Nevada construction companies.  But at oral argument Central Sierra conceded the class component of its case.

7

Accordingly, the court finds that exercising specific personal jurisdiction over BAWN and Pro Group is reasonable and comports with the requirements of due process.  Accordingly, their motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:  March 26, 2007

                                        /s/ David F. Levi_____
                                        DAVID F. LEVI
                                        United States District Judge